**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4544**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ICE TEE HUDSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:15-cr-00094-FDW-1)

Submitted:  November 30, 2021                    Decided:  December 20, 2021

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ice Tee Hudson appeals the district court's amended judgment resentencing him after we granted the Government's motion to remand based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in Hudson's first appeal. In 2015, he pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and he was sentenced within his Guidelines range under the Armed Career Criminal Act (ACCA) to 188 months in prison consecutive to his state prison sentence and five years of supervised release. On remand, Hudson was resentenced without the ACCA-designation but above his revised Guidelines range of 57 to 71 months to 108 months in prison consecutive to his state prison sentence and three years of supervised release. On appeal, he challenges the validity of his guilty plea and the substantive reasonableness of his sentence. We affirm.

Hudson first contends that his conviction should be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because there is no evidence in the record that he "knew that he was not legally allowed to possess a firearm." Because he did not raise this issue in the district court, we review it for plain error. *See Greer v. United States*, 141 S. Ct. 2090, 2096 (2021); *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) ("plain-error review applies to unpreserved *Rehaif* errors"). "To succeed in obtaining plain-error relief, a defendant must show (1) an error, (2) that is plain, (3) and that affects substantial rights." *Caldwell*, 7 F.4th at 211 (citations omitted). In the guilty plea context, a defendant "has the burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty." *Greer*, 141 S. Ct. at 2097 (citation omitted). "If those three requirements are met,

2

[we] may grant relief if [we] conclude[] that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Id*. at 2096-97 (citations omitted).

"[I]n *Rehaif*, the Supreme Court concluded that to obtain a § 922(g) conviction, the government 'must show that the defendant knew he possessed a firearm *and also that he knew he had the relevant [felon] status when he possessed it*." *Caldwell*, 7 F.4th at 213 (quoting *Rehaif*, 139 S. Ct. at 2194).[1]  "As the Supreme Court has noted, '[i]n a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon.  The reason is simple: If a person is a felon, he ordinarily knows he is a felon.'" *Id*. (quoting *Greer*, 141 S. Ct. at 2097).  However, "the mere undisputed fact that [the defendant] was a felon at the time of the [offense] is not dispositive." *Id*.

"'[T]here may be cases in which a defendant who is a felon can make an adequate showing on appeal that he would have presented evidence in the district court that he did not in fact know he was a felon when he possessed firearms.'" *Id*. (quoting *Greer*, 141 S. Ct. at 2097).  "This could occur, for example, where a defendant was previously convicted of 'a crime *punishable* by imprisonment for a term exceeding one year,' but was sentenced to a term less than a year or to probation." *Id*. (quoting 18 U.S.C. § 922(g)(1)).  "Such a defendant may not have been aware of what punishments were *permitted* for his prior

---

[1] To the extent that Hudson makes the argument, we note that the government was not required to prove his knowledge that his felon status prohibited his firearm possession. *See United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021).

3

conviction, and thus that he was considered a felon under § 922(g)(1)." *Id*. (citations omitted). "'But if a defendant does not make such an argument or representation on appeal, the appellate court will have no reason to believe that the defendant would have presented such evidence to a jury, and thus no basis to conclude that there is a 'reasonable probability' that the outcome would have been different absent the *Rehaif* error." *Id*. (citation omitted).

Here, Hudson has not argued or represented on appeal that he did not know he was a felon when he possessed the firearm in the instant offense. It is undisputed that at that time, he had been convicted of a felony for which he was sentenced to more than one year in prison; and he admitted that fact when he pled guilty. Because he has failed on appeal to make the argument or representation required by *Greer*, we conclude that Hudson has failed to show plain error affecting his substantial rights; and his conviction is valid.

In his second issue, Hudson questions whether the district court's upward variance was substantively reasonable; and he contends that it was not, since it both exceeded the advisory Guidelines range and ran consecutive to his state sentence. "This Court 'review[s] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an

4

explanation for any deviation from the Guidelines range.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 51).

"If the sentence 'is procedurally sound, [we] then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). "When considering the substantive reasonableness of a prison term, we 'examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *United States v. Arbaugh,* 951 F.3d 167, 176 (4th Cir. 2020); *see also Gall*, 552 U.S. at 59-60 (appellate court must give "due deference" to a district court's "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence").

"Applying this standard, we may 'reverse a sentence *only* if it is unreasonable, even if the sentence would not have been the choice of the appellate court.'" *United States v. McCain*, 974 F.3d 506, 518 (4th Cir. 2020) (citations omitted). "Where, as here, the sentence is outside the advisory Guidelines range, we must 'consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range.'" *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (citation omitted).

"That said, 'district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors,' and the fact that a 'variance sentence deviates,' even 'significantly,' from the Guidelines range 'does not alone render it presumptively unreasonable.'" *Id*. (citations omitted). "Instead, we must 'give due

5

deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id*. (citation omitted); *see also United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) ("In reviewing a departure from the advisory Guidelines range, we 'defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been [our] choice.'").

In the district court, the Government moved for an upward departure or variance based on the inadequacy of Hudson's criminal history category and the § 3553(a) factors. Hudson both opposed the Government's motion and moved for a downward departure or variance based on his argument that his prior counsel at his first sentencing was ineffective; he had been erroneously sentenced as an armed career criminal; and the court was permitted to run his federal sentence concurrently with his prior state sentence. The court granted the Government's motion for upward departure or variance and denied Hudson's motion.

On appeal, Hudson does not assert any procedural error in his sentence but contends that it is substantively unreasonable. He notes the district court considered the § 3553(a) factors and "was clear with respect to each factor the degree to which Mr. Hudson's history of 'violence' or 'violent behavior' played a role in the court upwardly departing"; "[b]ut the court also knew that Mr. Hudson had been jailed for years on the state charges."[2]

---

[2] To the extent that Hudson challenges the district court's denial of his motion to depart or vary downward, we limit our review to his request for a variance. *See Torres-Reyes*, 952 F.3d at 151 n.2 ("[T]his Court cannot review a district court's decision not to depart, 'unless the [district] court mistakenly believed that it lacked the authority to do so.'") (citation omitted). Hudson does not contend the district court mistakenly believed that it lacked the authority to depart, and the record does not support such a mistaken belief.

6

We have reviewed the record and conclude that the district court did not abuse its discretion by upwardly departing or varying; and the sentence is substantively reasonable. As the district court explained, Hudson had a serious and violent criminal history involving vulnerable victims; and his criminal history category and Guidelines range did not adequately represent the seriousness of his criminal history or the likelihood that he would commit other crimes. Based on its consideration of the § 3553(a) factors and arguments of the parties, the court reasonably found that a sentence of 108 months was sufficient but not greater than necessary to accomplish the goals of sentencing. Moreover, his state offenses were separate and distinct, not relevant conduct; and he failed to show that they should be punished concurrently with this offense.[3] He argued that his prior counsel was ineffective and he had been erroneously sentenced as an armed career criminal; but his Guidelines range was corrected, and he did show that he was prejudiced by any prior error.

Accordingly, we affirm the district court's judgment. We deny the pending motion for a new briefing schedule as moot.[4] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] The state offenses were three counts of second degree kidnapping, two counts of assault by strangulation, and assault on a female.

[4] We previously ordered the parties to file supplemental briefs addressing Hudson's *Rehaif* claim in light of our decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *rev'd by Greer v. United States*, 141 S. Ct. 2090, 2101 (2021); but we subsequently placed this appeal in abeyance and suspended the supplemental briefing schedule. In light of the Supreme Court's decision in *Greer*, we no longer need briefing based on *Gary*.